**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Robin Karathanal,<br><br>Plaintiff,<br><br>v.<br><br>Luxor Limo Inc.,<br><br>Defendant. | **NOTICE OF REMOVAL** |

TO: **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

PLEASE TAKE NOTICE that Defendant Luxor Limo Inc. ("Luxor" or "Defendant"), by and through its attorneys, Varacalli & Hamra, LLP, hereby removes this action, pursuant to 28 USC §§ 1441, 1446 and 1453, from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York. In support of this Notice of Removal, Luxor states the following:

1. On December 31, 2017, Plaintiff Robin Karathanal ("Plaintiff") commenced an action in the Supreme Court of the State of New York, Kings County, captioned *Robin Karathanal v. Luxor Limo Inc.*, Index No. 525103/2017 (the "Action"). In accordance with 28 U.S.C. §1446(a), a copy of the Summons and Complaint and all other documents served on Defendant (the "Summons and Complaint" or "Complaint' or "Comp.") are attached collectively as **Exhibit A** to the accompanying affirmation of Salim Katach, Esq., dated February 22, 2018 ("Katach Affirmation" or "Katach Aff.")

2. On January 2, 2018, Luxor was served with the Complaint in accordance with New York

Business Corporation Law s. 306. Shortly thereafter, Plaintiff and Defendant executed a stipulation extending Defendant's time to answer or respond to the Complaint until February 23, 2018. A copy of the Stipulation is attached hereto as **Exhibit B.**[1] As such, this Notice of Removal is timely under 28 U.S.C. §1446(b).

3. In lieu of filing an answer to the Complaint, Defendant is removing the Action to this Court pursuant to federal question and supplemental jurisdiction.

4. The Summons and Complaint discusses and makes claims about Luxor's compliance with federal and state wage and hour statutes. See Comp. ¶¶ 1, 2, & 16.

5. Defendant claims that plaintiff's claims are without merit.

6. Defendant has not made any filings in the Action with the exception of the Stipulation.

7. In accordance with 28 U.S.C. §1446(d), Defendant will promptly file a copy of this Notice of Removal with the clerk of the Supreme Court of New York, County of Kings, and will serve a copy of it upon counsel for plaintiff.

**BASIS FOR REMOVAL JURISDICTION**

8. Substantial Federal Question. This Court has original jurisdiction over the First Cause of Action ("Count I") set forth in the Complaint under 28 U.S.C. §1331, and it may be removed to this Court by Defendant under 28 U.S.C. §1441(b) because Plaintiff asserts a claim in Count I that will necessitate the adjudication of a substantial, disputed question of federal law.

9. Supplemental Jurisdiction. This Court has supplemental jurisdiction over the Second Cause of Action ("Count II") set forth in the Complaint because it is related to Count I,

[1] A stipulation, including the stipulation executed between the parties in Exhibit B, is sufficient to extend a defendant's time to move for removal of an action. *See Earle C. Anthony, Inc., v. National Broadcasting Co., 8 F.Supp. 346 (SDNY 1934); Frankson v. Carter & Weeks Stevedoring Co, 188 Misc. 599 (New York Kings Cty. 1946).*

which necessitates the adjudication of a substantial, disputed question of federal law, such that it forms part of the same case or controversy under Article III of the United States Constitution. See 28 USC §1367.

**SUBSTANTIAL FEDERAL QUESTION**

10. This Court has federal question jurisdiction over this action under 28 U.S.C. §1331. Federal question jurisdiction exists "in all civil actions arising under the Constitution, laws, or treaties of the United States." Thus, federal question jurisdiction may exist in a state court case where a state-law claim requires the court to resolve a disputed, substantial question of federal law. *See Grable & Sons Metal Products v. Daure Engineering & Manufacturing*, 545 U.S. 308,314 (2005). The Supreme Court has addressed the basis for federal jurisdiction in cases where, as here, the application of a state law necessarily turns on a question of federal law. *Id*; *see also Gunn v. Minton*, 568 U.S. 251 (2013).

11. *Gunn* outlines the small category of cases where the resolution of a state-law claim (a) necessarily raises a stated federal issue, (b) that is actually disputed, and (c) substantial, and (d) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn v. Minton,* 568 U.S. at 258 *(*citing *Grable, supra)*. There, the court stated:

> Where all four of these requirements are met, we held jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and federal courts. *Id.* (internal quotations omitted).

12. In the instant case, the Complaint, specifically Count I, requires the Court to determine the application of the Motor Carrier Exemption to the Fair Labor Standards Act (FLSA) defined in 29 U.S.C. §213(b)(l) to Plaintiffs claims for alleged unpaid

which necessitates the adjudication of a substantial disputed question of federal law, such that it forms part of the same case or controversy under Article III of the United States Constitution. See 28 USC §1367.

## SUBSTANTIAL FEDERAL QUESTION

10. This Court has federal question jurisdiction over this action under 28 U.S.C. §1331. Federal question jurisdiction exists "in all civil actions arising under the Constitution, laws, or treaties of the United States." Thus, federal question jurisdiction may exist in a state court case where a state-law claim requires the court to resolve a disputed, substantial question of federal law. See *Grable & Sons Metal Products v. Darue Engineering & Manufacturing*, 545 U.S. 308,314 (2005). The Supreme Court has addressed the basis for federal jurisdiction in cases where, as here, the application of a state law necessarily turns on a question of federal law. *Id*; see also *Gunn v. Minton*, 568 U.S. 251 (2013).

11. *Gunn* outlines the small category of cases where the resolution of a state-law claim (a) necessarily raises a stated federal issue, (b) that is actually disputed, and (c) substantial, and (d) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn v. Minton*, 568 U.S. at 258 (citing *Grable*, *supra*). There, the court stated:

> Where all four of these requirements are met, we held jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and federal courts. *Id*. (internal quotations omitted).

12. In the instant case, the Complaint, specifically Count I, requires the Court to determine the application of the Motor Carrier Exemption to the Fair Labor Standards Act (FLSA) defined in 29 U.S.C. §213(b)(1) to Plaintiffs claims for alleged unpaid

overtime compensation pursuant to 12 NYCRR 142-2.2, which defines the obligations for New York employers to pay overtime compensation to employees for hours worked over forty (40) in a workweek. The obligation to pay overtime under New York Labor Law (NYLL) is defined, in pertinent part as follows:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and **subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq.*, the Fair Labor Standards Act of 1938, as amended;** provided, however, that the exemptions set forth in section 13(a)(2) and (4) shall not apply. In addition, an employer shall pay employees **subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended,** except employees subject to section 13(a)(2) and (4) of such act, overtime at a wage rate of one and one-halftimes the basic minimum hourly rate. (Emphasis supplied).

12 NYCRR 142-2.2.

13. Thus, by its express terms, 12 NYCRR 142-2.2 requires the analysis of the scope of the FLSA exemptions, which implicates the application of the national transportation regulatory scheme administered within the discretion of the Federal Motor Carrier Administration of the United States Department of Transportation (USDOT). Section 13 of the FLSA, which is referenced directly in the language of 12 NYCRR 142-2.2, provides an exemption from the overtime compensation requirements of NYLL, as well as the FLSA. The exemption from overtime compensation requirements of the NYLL and the FLSA includes employees within the authority of the Secretary of Transportation of the USDOT to establish qualifications and maximum hours of service pursuant to section 204 of the Federal Motor Carrier Act of 1935, as defined in 29 USC §213(b)(l).

14. The Complaint alleges that Plaintiff was employed by Luxor to provide limo and transportation services throughout the New York City Metropolitan *See Comp.*, at ¶¶ 6, 8.

overtime compensation pursuant to 12 NYCRR 142-2.2, which defines the obligations for New York employers to pay overtime compensation to employees for hours worked over forty (40) in a workweek. The obligation to pay overtime under New York Labor Law (NYLL) is defined, in pertinent part as follows:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and **subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq*., the Fair Labor Standards Act of 1938, as amended;** provided, however, that the exemptions set forth in section 13(a)(2) and (4) shall not apply. In addition, an employer shall pay employees **subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended**, except employees subject to section 13(a)(2) and (4) of such act, overtime at a wage rate of one and one-half times the basic minimum hourly rate. (emphasis supplied).

12 NYCRR 142-2.2.

13. Thus, by its express terms, 12 NYCRR 142-2.2 requires the analysis of the scope of the FLSA exemptions, which implicates the application of the national transportation regulatory scheme administered within the discretion of the Federal Motor Carrier Administration of the United States Department of Transportation (USDOT). Section 13 of the FLSA, which is referenced directly in the language of 12 NYCRR 142-2.2, provides an exemption from the overtime compensation requirements of NYLL as well as the FLSA. The exemption from overtime compensation requirements of the NYLL and the FLSA includes employees within the authority of the Secretary of Transportation of the USDOT to establish qualifications and maximum hours of service pursuant to section 204 of the Federal Motor Carrier Act of 1935, as defined in 29 USC §213(b)(1).

14. The Complaint alleges that Plaintiff was employed by Luxor to provide limo and transportation services throughout the New York City Metropolitan See Comp., at ¶¶ 6, 8.

The Complaint alleges that Plaintiff was denied overtime compensation for hours worked in excess of forty (40) hours in a workweek. *See Comp.*, at ¶ 27.

15. According to Count I of the Complaint, Plaintiff is entitled to overtime compensation under 12 NYCRR 142-2.2, which, as set forth above, expressly references FLSA exemptions, including, among other things, the Motor Carrier Exemption, to determine the applicability and inapplicability of the NYLL overtime compensation requirements. Further, the qualifications and hours of service of the Plaintiff are regulated by the USDOT because the Defendant operates commercial motor vehicles as defined by the USDOT. *See* Chkifati Dec., at ¶¶ 3, 4.

16. The Second Circuit's opinion in *Fracasse v. People's United Bank*, 747 F.3d 141 (2d Cir. 2014) is instructive on to the issue of what is a substantial federal issue that would directly impact federal law and its application to state-law claims under the well-pleaded complaint rule. The *Fracasse* action in was initially filed in Connecticut Superior Court for the District of New Haven, and concerned alleged violations of Connecticut law concerning overtime compensation requirements. The complaint did not seek relief under the FLSA, but referenced the statute throughout, although the complaint set forth only state law claims. The defendant removed the action to federal court based on federal question jurisdiction. The defendant argued that the vindication of plaintiffs' state-law claims turned on a question of federal law and policy due to the policy of the FLSA cited in the complaint. The United States District Court for the District of Connecticut dismissed the complaint.

17. On appeal, the Second Circuit remanded the case to the Connecticut Superior Court and determined that removal of the action to federal court was improper because

even if the state-law claims arguably raised a federal issue, the federal issues were unsubstantiated because:

> [N]either the federal government nor the federal system as a whole has a pressing interest in ensuring that a federal forum is available to defendants in a state tort suit that include passing references to a federal statute cited only as an articulation of public policy. This is so, if for no other reason, because employees - those whom the FLSA was enacted to protect - will in any event have direct access to a federal forum to assert their rights under the FLSA. Nor, in the circumstances presented here do the federal courts cede an opportunity to establish binding precedent affecting the interpretation of the FLSA.
>
> The FLSA needs no interpretation in connection with state tort claims that have been pled. The federal interest in a federal forum for state tort claims linked tangentially to public policy under a federal statute is *de minimus* when compared, for example, to the federal government's interest in ensuring that federal courts hear cases that determine the validity of federal liens or the validity of subsequent title to property seized to satisfy federal tax delinquencies.

*Fracasse v. People's United Bank,* 747 F.3d at 145 (citing *Gunn, supra*).

18. By contrast to *Fracasse*, here, the federal government- specifically, the Secretary of the USDOT - and the federal transportation system as a whole, particularly in the context of safety and qualifications of drivers of commercial motor vehicles, such as Plaintiff operating in interstate commerce, undeniably has a substantial interest in ensuring that federal courts hear and determine the validity and interpretation of the Motor Carrier Exemption (and the corresponding Act) as defined by the FLSA in the context of state-law requirements concerning a state law overtime compensation statute. The state law overtime compensation statute utilizes the federal statutory requirements of the FLSA and USDOT to define the scope of the state overtime compensation obligations. This is precisely the kind of situation to which the narrow basis of removal

even if the state-law claims arguably raised a federal issue, the federal issues were unsubstantiated because:

> [N]either the federal government nor the federal system as a whole has a present interest in ensuring that a federal forum is available to defendants in a state tort suit that include passing references to a federal statute cited only as an articulation of public policy. This is so, if for no other reason, because many cases - those where the FLSA was enacted to protect - will in any event have direct access to a federal forum to assert their rights under the FLSA. Nor in the circumstances presented here do the federal courts cede an opportunity to establish binding precedent affecting the interpretation of the FLSA.
>
> The FLSA needs no interpretation in connection with state tort claims that have been pled. The federal interest in a federal forum for state tort claims linked tangentially to public policy under a federal statute is *de minimis* when compared, for example, to the federal government's interest in ensuring that federal courts hear cases that determine the validity of federal liens or the validity of subsequent title to property seized to satisfy federal tax delinquencies.

*Fracasse v. People's United Bank*, 747 F.3d at 145 (citing *Gunn*, *supra*).

18. By contrast to *Fracasse*, here, the federal government- specifically, the Secretary of the USDOT - and the federal transportation system as a whole, particularly in the context of safety and qualifications of drivers of commercial motor vehicles, such as Plaintiff operating in interstate commerce, undeniably has a substantial interest in ensuring that federal courts hear and determine the validity and interpretation of the Motor Carrier Exemption (and the corresponding Act) as defined by the FLSA in the context of state-law requirements concerning a state law overtime compensation statute. The state law overtime compensation statute utilizes the federal statutory requirements of the FLSA and USDOT to define the scope of the state overtime compensation obligations. This is precisely the kind of situation to which the narrow basis of removal

articulated under *Grable* and *Dunn* applies. Specifically, this case implicates a substantial federal issue beyond the dispute between the parties to this litigation. It effects the qualifications and safety of employees operating vehicles on the nation's highways, as well as the public utilizing the highways, requiring an interpretation of the FLSA and the regulations issued by the USDOT, as well as federal policy underlying the federal transportation regulatory scheme.

19. Furthermore, Plaintiff has cited to another clause in the FLSA thereby expressing his reliance upon a second federal statute. In paragraph 16 of his Complaint, Plaintiff relies upon Defendant's compliance with the FLSA, through maintenance of employment records, in order to properly prosecute his claim. The paragraph reads:

> A more precise statement of the hours and wages will be made when Plaintiff obtains the wage, time and employment records Defendant was required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (NYLL 195 and 12 NYCRR 142-2.6). Accurate copies of Plaintiff's wage and time records that Defendant was required to keep are incorporated herein by reference.

Comp., at ¶16.

20. Although not expressly stated in the Complaint, Plaintiff is alleging a violation of the FLSA, and an inability to prove his claim, in the event that Luxor is non-compliant with the record-keeping requirements of the FLSA. Undoubtedly, in the event Luxor is non-compliant with the record-keeping requirements of the FLSA, Plaintiff will cite to such non-compliance (and perhaps amend its complaint to include such claim) to satisfy its burden of proof under the New York Labor Law. *See* 29 C.F.R. §§ 516, 516.2; *Anderson v Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (stating that a court should not penalize an employee by denying him any recovery on the ground that he is unable to satisfy his burden of proof under FLSA because of his employer's failure to maintain the appropriate records).

articulated under *Grable* and *Dunn* applies. Specifically, this case implicates a substantial federal issue beyond the dispute between the parties to this litigation. It affects the qualifications and safety of employees operating vehicles on the nation's highways, as well as the public utilizing the highways, requiring an interpretation of the FLSA and the regulations issued by the USDOT as well as federal policy underlying the federal transportation regulatory scheme.

19. Furthermore, Plaintiff has cited to another clause in the FLSA thereby expressing his reliance upon a second federal statute. In paragraph 16 of his Complaint, Plaintiff relies upon Defendant's compliance with the FLSA through maintenance of employment records, in order to properly prosecute his claim. The paragraph reads:

> A more precise statement of the hours and wages will be made when Plaintiff obtains the wage, time and employment records Defendant was required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (NYLL 195 and 12 NYCRR 142-2.6). Accurate copies of Plaintiff's wage and time records that Defendant was required to keep are incorporated herein by reference.

Comp., at ¶16.

20. Although not expressly stated in the Complaint, Plaintiff is alleging a violation of the FLSA and an inability to prove his claim in the event that Luxor is non-compliant with the record-keeping requirements of the FLSA. Undoubtedly, in the event Luxor is non-compliant with the record-keeping requirements of the FLSA, Plaintiff will cite to such non-compliance (and perhaps amend its complaint to include such claim) to satisfy its burden of proof under the New York Labor Law. *See* 29 C.F.R. §§ 516, 516.2; *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (stating that a court should not penalize an employee by denying him any recovery on the ground that he is unable to satisfy his burden of proof under FLSA because of his employer's failure to maintain the appropriate records).

21. Thus, Federal Question Jurisdiction exists not only because of the applicability of the Motor Carrier Exemption to the case, and Defendant's reliance thereon for its defense, but also because of Plaintiff's own reliance on the FLSA in the prosecution of its claim.

22. Because Count I of the Complaint is inextricably intertwined with substantial, disputed issues of federal law which the Court must eventually address, this Court has federal question jurisdiction over the claim under 28 U.S.C. §1331.

**SUPPLEMENTAL JURISDICTION**

23. This Court also has supplemental jurisdiction over Count II of the Complaint. Pursuant to 28 U.S.C. §1367(a), the Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." As set forth above, the Court has original jurisdiction over Count I of the Complaint because it requires the Court to resolve a substantial, disputed question of federal law.

24. Consequently, the Court has supplemental jurisdiction over Count II, which alleges violations of NYLL Article 6, including sections 190, 191, 193, 195 and 198, concerning related employer notice and statement requirements. *See* Comp., at ¶¶ 29-34 The allegations and claims for relief set forth in Count II of the Complaint are directly connected to the allegations and claims for relief in Count I, which also allege violations of NYLL for unpaid overtime compensation. *See* Ex. A. If there is no obligation to provide overtime compensations under federal law, there is no resulting violation of NYLL, whether under 12 NYCRR 142-2.2 or Article 6, as provided under 12 NYCRR 142-2.2.

21. Thus, Federal Question Jurisdiction exists not only because of the applicability of the Motor Carrier Exemption to the case, and Defendant's reliance thereon for its defense, but also because of Plaintiff's own reliance on the FLSA in the prosecution of its claim.

22. Because Count I of the Complaint is inextricably intertwined with substantial, disputed issues of federal law which the Court must eventually address, this Court has federal question jurisdiction over the claim under 28 U.S.C. §1331.

## SUPPLEMENTAL JURISDICTION

23. This Court also has supplemental jurisdiction over Count II of the Complaint. Pursuant to 28 U.S.C. §1367(a), the Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." As set forth above, the Court has original jurisdiction over Count I of the Complaint because it requires the Court to resolve a substantial, disputed question of federal law.

24. Consequently, the Court has supplemental jurisdiction over Count II, which alleges violations of NYLL Article 6, including sections 190, 191, 193, 195 and 198, concerning related employer notice and statement requirements. *See* Comp., at ¶¶ 29-34. The allegations and claims for relief set forth in Count II of the Complaint are directly connected to the allegations and claims for relief in Count I, which also allege violations of NYLL for unpaid overtime compensation. *See* Ex. A. If there is no obligation to provide overtime compensations under federal law, there is no resulting violation of NYLL, whether under 12 NYCRR 142-2.2 or Article 6, as provided under 12 NYCRR 142-2.2.

25. Based on the foregoing, this Court has supplemental jurisdiction over Count II of the Complaint pursuant to 28 U.S.C. §1367(a) because Count II is so related to Count I that it is part of the same case or controversy under Article III of the United States Constitution.

Dated: February 22, 2018
New York, NY

VARACALLI & HAMRA, LLP

By: /s/ Salim Katach
Salim Katach, Esq.
*Attorneys for Defendant*
32 Broadway, Suite 1818
New York, New York 10004
646-590-0571

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| Robin Karathanal, Plaintiff, v. Luxor Limo Inc., Defendant. | AFFIRMATION OF SALIM KATACH |
|---|---|

Salim Katach, an attorney duly admitted to practice law before this Court and the Courts of the State of New York, affirms the following under the penalties of perjury:

1. I am an associate at the law firm of Varacalli & Hamra, LLP, attorneys for Defendant Luxor Limo, Inc. ("Defendant" or "Luxor") in the above-captioned action. I am fully familiar with the facts and circumstances surrounding this action.
2. This affirmation and the exhibits annexed hereto, the annexed Declaration of Shlomo Chkifati, Vice President of Luxor Limo, Inc., sworn to on February 23, 2018, and the accompanying Notice of Removal dated February 22, 2018, are submitted in support of Luxor's application for removal of the above captioned action from the New York State Supreme Court, County of Kings, to the United States District Court for the Eastern District of New York.
3. Annexed as Exhibit A hereto is a copy of the Plaintiff's Summons and Complaint dated December 31, 2017.
4. Annexed as Exhibit B hereto is a copy of the duly executed Stipulation by and amount counsel for Plaintiff and for Luxor, extending Defendant's time to answer or respond

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Robin Karathanal,<br><br>Plaintiff,<br><br>v.<br><br>Luxor Limo Inc.,<br><br>Defendant. | AFFIRMATION OF SALIM KATACH |

Salim Katach, an attorney duly admitted to practice law before this Court and the Courts of the State of New York, affirms the following under the penalties of perjury:

1. I am an associate at the law firm of Vaccelli & Hanna, LLP, attorneys for Defendant Luxor Limo, Inc. ("Defendant" or "Luxor") in the above-captioned action. I am fully familiar with the facts and circumstances surrounding this action.

2. This affirmation and the exhibits annexed hereto, the annexed Declaration of Shlomo Chkifati, Vice President of Luxor Limo, Inc., sworn to on February 23, 2018, and the accompanying Notice of Removal dated February 22, 2018, are submitted in support of Luxor's application for removal of the above captioned action from the New York State Supreme Court, County of Kings, to the United States District Court for the Eastern District of New York.

3. Annexed as Exhibit A hereto is a copy of the Plaintiff's Summons and Complaint dated December 31, 2017.

4. Annexed as Exhibit B hereto is a copy of the duly executed Stipulation by and amount counsel for Plaintiff and for Luxor extending Defendant's time to answer or respond

to the Complaint up to and until February 23, 2018.

WHEREFORE, your affirmant requests removal of the above-captioned action from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York in accordance with 28 USC §§ 1441, 1446 and 1453.

Dated: February 22, 2018
New York, NY

VARACALLI & HAMRA, LLP

By: /s/ Salim Katach
Salim Katach, Esq.
*Attorneys for Defendant*
32 Broadway, Suite 1818
New York, New York 10004
646-590-0571

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| Robin Karathanal,<br><br>Plaintiff,<br><br>v.<br><br>Luxor Limo Inc.,<br><br>Defendant. | AFFIRMATION OF SALIM KATACH |
|---|---|

STATE OF NEW YORK )
)SS.:
COUNTY OF KINGS )

SHLOMO CHKIFATI, pursuant to 28 USC §1746 declares the following to be true under the penalty of perjury:

1. I am the Vice President of Defendant Luxor Limo, Inc. ("Luxor" or "Defendant"), a New York Corporation with offices and facilities located in Brooklyn, New York. I have personal knowledge of the facts stated herein.
2. I make this declaration in support of Luxor's application for removal of the above captioned action from the New York Supreme Court, County of Kings, to the United States District Court for the Eastern District of New York.
3. Luxor operates commercial motor vehicles under the authority of the Secretary of the United States Department of Transportation (USDOT), which issued operated number 2337211 (Federal Motor Carrier Number FMCSA MC-798058) to Luxor. Plaintiff provided transportation services using Luxor's commercial motor vehicles, as regulated by the USDOT, and is subject to qualification and maximum hours of

service requirements set by the USDOT.

4. I have reviewed the allegations contained in Plaintiff's Complaint.

5. During the period described in the Complaint, Plaintiff routinely (on a daily basis) provided transportation services to Luxor clientele utilizing commercial motor vehicles throughout New York, New Jersey, and Connecticut. The commercial motor vehicles driven by Plaintiff were well over 10,000 pounds, some of which were vans over 30,000 pounds.

6. Plaintiff was employed at Luxor's Brooklyn facility located at 100 Huntington Street, Brooklyn, NY 11231, who provided transportation services on behalf of Luxor customers.

7. I declare under penalty of perjury that the foregoing is true and correct based on my personal knowledge.

By:____________________
Shlomo Chkifati
Vice President, Luxor Limo, Inc.

Sworn to before me on this
23 day of February, 2018.

____________________
Notary Public

SALIM KATACH, ESQ.
NOTARY PUBLIC, STATE OF NEW YORK
Registration No.: 02KA6353002
Qualified in New York County
Commission Expires 01/09/2021