SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| Robin Karathanal, | Index #: |
| | |
| Plaintiff, | **Summons** |
| -v- | |
| Luxor Limo Inc., | Date Filed: |
| | |
| Defendant. | **Jury Trial Demanded** |

**TO:** **Luxor Limo Inc. (Defendant)**
C/O NYS Secretary of State, 41 State Street, Albany, NY 12231

**YOU ARE HEREBY SUMMONED** and required to answer the complaint in this action and to serve a copy of your answer, on the plaintiff's attorney within twenty-one (21) days after completion of service of this summons, exclusive of the day of service, or within thirty-one (31) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint. Kings County is designated as the proper venue for the filing and trial of this action because Defendant operates its business in Kings County, New York.

**Dated: Queens Village, New York**
**December 31, 2017**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

*Abdul Hassan*

By: Abdul K. Hassan, Esq. - *Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427. Tel: 718-740-1000
Fax: 718-740-2000 – Email: abdul@abdulhassan.com

1

**NEW YORK STATE SUPREME COURT**
**COUNTY OF KINGS**

| | |
|---|---|
| Robin Karathanal,<br><br>                              Plaintiff,<br>     -v-<br><br>Luxor Limo Inc.,<br><br>                              Defendant. | **Index #:**<br><br>**Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Robin Karathanal ("Plaintiff," or "Karathanal"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendant Luxor Limo Inc. ("Defendant" or "Luxor Limo"), respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff was employed by Defendant and pursuant to New York Labor Law ("NYLL") alleges that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his effective regular hourly rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

2. Plaintiff is also entitled to recover his unpaid commissions, and unlawful wage deductions under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

3. Upon information and belief, the damages/recovery sought by Plaintiff exceed and satisfies the jurisdictional amount of this Court.

1

## THE PARTIES

4. Plaintiff Robin Karathanal ("Plaintiff" or "Karathanal") is an adult, over eighteen years old.

5. Upon information and belief and at all times relevant herein, Defendant Luxor Limo Inc. ("Luxor Limo") was a New York for-profit corporation with a place of business located in Kings county, New York at 100 Huntington Street, Brooklyn, NY 11231.

## STATEMENT OF FACTS

6. Upon information and belief, and at all times relevant herein Defendant is in the business of providing transportation services to customers. See https://www.luxorlimo.com/

7. Upon information and belief and at all times relevant herein, Defendant employed approximately 50 or more employees including drivers like Plaintiff at any given time.

8. At all times relevant herein, Defendant had recurring contracts with business clients and pursuant to these contracts, Defendant provided recurring and ongoing transportation services to these businesses using employees like Plaintiff – Plaintiff's vehicle weighed less than 10,000 pounds.

9. At all times relevant herein, Plaintiff worked pre-arranged trips where he would be told the pick-up and drop-off locations and the names of the passengers –Plaintiff was not allowed to pick up passengers on the street who did not first place an order through Defendant's offices for a pre-arranged trip.

10. Plaintiff Karathanal was employed by Defendant from in or around November 2013 to on or about August 17, 2017.

11. At all times relevant herein, Plaintiff Karathanal was employed by Defendant as a driver/ chauffeur - Plaintiff Karathanal performed the manual and physical work of driving and opening and closing doors and handling baggage throughout the workday.

12. At all times relevant herein, Plaintiff was paid at a regular rate of about $8.00/hr plus about

$100-$200 in commissions per week.

13. At all times relevant herein, Plaintiff was not paid at a rate of 1.5 times his effective regular hourly rate for his overtime hours worked (hours over 40 in a week).

14. At all times relevant herein, Defendant failed to include the commissions of Plaintiff in the calculation of overtime wages thus resulting in a further underpayment of overtime wages.

15. At all times relevant herein, Plaintiff worked approximately 45-60 hours a week for Defendant and likely more, but in a few weeks in 2016 and 2017, Plaintiff worked 40 or less hours a week for Defendant.

16. A more precise statement of the hours and wages will be made when Plaintiff obtains the wage, time and employment records Defendant was required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (NYLL 195 and 12 NYCRR 142-2.6). Accurate copies of Plaintiff's wage and time records that Defendant was required to keep are incorporated herein by reference.

17. At all times relevant herein, Defendant required Plaintiff to purchase and wear uniforms during the course of his employment. As a result, Plaintiff spend about $400-$500 purchasing uniforms and about $10 per week to wash/clean and maintain such uniforms – for which Plaintiff was never reimbursed in violation of NYLL 193.

18. At all times relevant herein, Defendant had a policy and practice of deducting about 2 hours a day from Plaintiff's wage for lunch and rest breaks even though Plaintiff only took about 30 minutes a day for such breaks because of the requirements of the job.

19. At all times relevant herein, Defendant required Plaintiff to purchase items such as roses for Defendant's customers. As a result, Plaintiff spent about $40-$50 per month on roses for which he was never reimbursed in violation of NYLL 193.

20. In 2016, Plaintiff was involved in a minor accident while driving Defendant's vehicle and while performing work for Defendant. As a result, Defendant deducted the amount of about $800 for damages/losses from the wages of Plaintiff and never reimbursed Plaintiff for such

work-related damages/losses in violation of NYLL 193.

21. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1).

22. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not contain Plaintiff's correct rates of pay including his regular and overtime rates, among other deficiencies.

23. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

24. The "·present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

25. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 24 above as if set forth fully and at length herein.

26. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

27. At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his effective hourly rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

### Relief Demanded

28. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from

4

Defendant, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

## AS AND FOR A SECOND CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198 (Unpaid wages/unlawful deductions, etc.)

29. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 28 above with the same force and effect as if fully set forth at length herein.

30. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

31. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his unpaid non-overtime and overtime wages, reimbursement for unlawful deductions, as required by NYLL §§ 191, 193 and 198, as laid out above.

32. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

33. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

34. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly,

his entire unpaid wages, including his unpaid overtime wages and non-overtime wages, reimbursement for unlawful wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court grant the following relief:

35. As to his **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

36. As to the **Second Cause of Action**, award Plaintiff all outstanding wages, including his unpaid overtime and non-overtime wages, reimbursement for unlawful wage deductions, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

37. Award Plaintiff prejudgement interest on all monies due;

38. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

39. Award Plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
December 31, 2017

Respectfully submitted,

Abdul Hassan Law Group, PLLC

*Abdul Hassan*
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF