UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                           :

ROBIN KARATHANAL,                          :           18-CV-1203-ARR-ST

                Plaintiff,                               :

                                                        :           <u>NOT FOR PRINT OR</u>
         -against-                                :           <u>ELECTRONIC PUBLICATION</u>

LUXOR LIMO INC.,                           :           **OPINION & ORDER**

                Defendant.                            :

------------------------------------------------------------------- X

ROSS, United States District Judge:

Plaintiff Robin Karathanal moves to remand this case to New York State Supreme Court, Kings County. He also moves for attorney's fees for the work expended litigating the remand motion. For the reasons discussed below, I grant plaintiff's motion to remand and deny plaintiff's motion for attorney's fees.

**BACKGROUND**

From November 2013 to August 2017, plaintiff worked as a chauffeur for defendant Luxor Limo Inc. Compl. ¶¶ 6, 10-11, ECF No. 1-1. In December 2017, plaintiff filed a complaint in state court. Id. at 1. He alleged that defendant had failed to comply with its obligations under New York Labor Law to, inter alia, pay him overtime, provide him with wage statements, and reimburse him for unlawful deductions. Id. ¶¶ 27, 31-33. The complaint brought only state law claims. Id. ¶¶ 25-33.

In February 2018, defendant removed the case to federal court. Notice of Removal 1, ECF No. 1. Defendant asserts that there is subject-matter jurisdiction over plaintiff's overtime claim because it implicates a substantial federal question of law. Id. ¶ 8; see also 28 U.S.C. §§ 1331, 1441(c). Further, it asserts that there is supplemental jurisdiction over plaintiff's remaining New York Labor

Law claims because they "form part of the same case or controversy under Article III of the United States Constitution." Notice of Removal ¶ 9; see also 28 U.S.C. § 1367(a). Specifically, defendant argues that there is federal question jurisdiction because plaintiff's overtime claim requires the court to decide the application of the "motor carrier exemption" under the Fair Labor Standards Act (FLSA). Notice of Removal ¶ 12.

Plaintiff moved to remand the case in April 2018, arguing that the motor carrier exemption is an affirmative defense and therefore cannot support federal question jurisdiction. Pl.'s Mem. of Law in Supp. of His Mot. to Remand and for Attorney's Fees and Costs 1, 4-12, ECF No. 5-1 ("Pl.'s Mot."). In addition, in the event the case is remanded, plaintiff seeks attorney's fees incurred as a result of the improper removal. Id. at 2. A fee award is warranted, he argues, because defendant's removal was not objectively reasonable. Id. at 13-16.

## DISCUSSION

### I. Remand

The removing party "bears the burden of establishing jurisdiction." Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006). Because defendant has failed to establish that there is subject-matter jurisdiction, I grant plaintiff's motion to remand the case to state court.

A case may be removed to federal court when that court has original jurisdiction over the case. 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under the laws of the United States "only when the plaintiff's statement of his own cause of action shows that it is based upon those laws." Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908). Typically, this occurs when a claim is brought under a federal statute. Gunn v. Minton, 568 U.S. 251, 257 (2013). In "extremely rare exceptions," a state law claim may raise a federal question—but only if the federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of

2

resolution in federal court without disrupting the federal-state balance approved by Congress." Id. at 258. Jurisdiction exists when these requirements are met, "because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." Id. (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005)). "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987); see also Mottley, 211 U.S. at 152.

Defendant argues that jurisdiction exists because its potential liability turns on the FLSA's motor carrier exemption. Mem. of Law in Opp'n to Pl.'s Mot. to Remand 9-20, ECF No. 9 ("Def.'s Opp'n"). According to defendant, the application of the motor carrier exemption is necessarily raised by the complaint, Def.'s Opp'n at 13; actually disputed, id. at 15 n.3; substantial, id. at 15-18; and non-disruptive to the federal-state balance, id. at 18-20. Moreover, defendant contends, plaintiff has embedded the FLSA into his state claims by stating that "[a] more precise statement of the hours and wages will be made when Plaintiff obtains the wage, time and employment records Defendant was required to keep under the FLSA" and New York Labor Law. Compl. ¶ 16. The complaint goes on to say that "[a]ccurate copies of Plaintiff's wage and time records that Defendant was required to keep are incorporated herein by reference." Id. In so stating, defendant argues, plaintiff has made the FLSA a part of his claims. Def.'s Opp'n at 21-22.

Defendant's argument that the motor carrier exemption creates subject-matter jurisdiction fails for two related reasons. First, the motor carrier exemption is an affirmative defense. Khan v. IBI Armored Servs., Inc., 474 F. Supp. 2d 448, 450, 452 (E.D.N.Y. 2007); see also DeJesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 91 n.7 (2d Cir. 2013). It cannot, therefore, constitute a basis for

3

federal question jurisdiction.  Williams, 482 U.S. at 393.  Second, the motor carrier exemption does not satisfy the four-factor test described in Gunn.  568 U.S. at 258.  The motor carrier exemption provides that the FLSA's overtime requirements do not apply to employees under the regulatory authority of the Secretary of Transportation.  29 U.S.C. § 213(b).  This means that the overtime requirements do not apply to employees whose activities affect the safety of operations for motor vehicles weighing over 10,000 pounds.[1]  The motor carrier exemption is not a substantial issue in this case because it is not important "to the federal system as a whole" that it be resolved in a federal forum.  See Gunn, 568 U.S. at 260.  Congress entrusted state courts with the power to hear FLSA claims, 29 U.S.C. § 216(b), suggesting that it did not find it essential for federal courts to handle this issue.  Further, finding original jurisdiction here would "disrupt[] the federal-state balance." Gunn, 568 U.S. at 258.  Defendant's proposed outcome would mean that every overtime claim brought under New York Labor Law would qualify for federal question jurisdiction.  This would risk depriving New York courts—which have a special interest in the enforcement of their state's labor laws—of the ability to hear any overtime claims.  This would in turn "disrupt[] Congress's intended division of labor between state and federal courts," and is therefore inappropriate.  Id.

Nor can I accept defendant's argument that reference to the FLSA's record-keeping requirements creates subject-matter jurisdiction.  The complaint merely stated that defendant's records (which it was required to keep under the FLSA and New York Labor Law) would allow plaintiff to provide more detail on his hours and wages.  Compl. ¶ 16.  The simple assumption that defendant complied with the FLSA is not sufficient to establish federal question jurisdiction, nor is the implication that plaintiff will request those materials in discovery.  Defendant argues that plaintiff may attempt to use defendant's potential lack of records to satisfy his burden of proof, thereby making an

---

[1] Levinson v. Spector Motor Serv., 330 U.S. 649, 671 (1947); SAFETEA-LU Technical Corrections Act of 2008, Pub. L. 110-244, Title III, § 306(b)-(c); U.S. Dep't of Labor, Wage & Hr. Div., Fact Sheet #19: The Motor Carrier Exemption Under the Fair Labor Standards Act (FLSA).

4

issue of the FLSA's record-keeping requirements. Def.'s Opp'n 22. But the connection of the FLSA record-keeping requirements to the plaintiff's claims is even more attenuated than that of the motor carrier exemption. Defendant's argument must therefore be rejected.

## II. Attorney's Fees

I decline to grant plaintiff attorney's fees. Although I am generally permitted to award such fees, 28 U.S.C. § 1447(c), I determine that such an award is not warranted here. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). As other courts have acknowledged, the area of the law dealing with "federal question jurisdiction when no federal cause of action appears on the face of plaintiff's well-pleaded complaint . . . is extremely complicated and . . . difficult to navigate." Sung ex rel. Lazard Ltd. v. Wasserstein, 415 F. Supp. 2d 393, 408-09 (S.D.N.Y. 2006) (citing cases); see also Acorne Prods., LLC v. Tjeknavorian, 33 F. Supp. 3d 175, 184 (E.D.N.Y 2014). In light of the challenging nature of this issue, I cannot conclude that removal was objectively unreasonable. I therefore deny plaintiff's motion for attorney's fees.

## CONCLUSION

For the reasons discussed above, I grant plaintiff's motion to remand and deny his motion for attorney's fees.

So ordered.

Date:   May 1, 2018                                            s/ Allyne R. Ross
        Brooklyn                                               Allyne R. Ross
                                                               United States District Judge